IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| BEN RICHARDSON Jr. § § Plaintiff § § § v. § TRANS UNION, LLC; and § TXU ENERGY RETAIL § COMPANY, LLC; and § EQUIFAX INFORMATION SERVICES, LLC; and§ CSC CREDIT SERVICES, INC § Defendant § | Civil Action No. Complaint AND Demand for Jury Trial |

## COMPLAINT

COMES NOW the Plaintiff, BEN RICHARDSON JR., (hereafter the "Plaintiff" or "Richardson"), by Counsel, Dennis McCarty, and for his complaint against the Defendants, TXU ENERGY RETAIL COMPANY, LLC, (hereafter "TXU"), TRANSUNION, LLC (hereafter Transunion) and EQUIFAX INFORMATION SERVICES, INC. (hereafter Equifax), and CSC CREDIT SERVICES, INC. (hereafter CSC, alleges as follows:

### JURISDICTION

1. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), and 28 U.S.C. § 1331.

2. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred as well as a substantial part of the property that is subject to this action is located in this Judicial District.

## PARTIES

3. Plaintiff, Ben Richardson, is a natural person and is resident and citizen of Nacogdoches County in the State of Texas, United Stares of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant, TXU is a domestic For-Profit Corporation registered to do business in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers

5. Defendant, TRANSUNION, LLC is a Foreign For-Profit Corporation registered to do business in Texas. Defendant is a "consumer reporting agency", who for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

6. Defendant, EQUIFAX INFORMATION SERVICES, LLC is a Foreign For-Profit Corporation registered to do business in Texas. Defendant is a "consumer reporting agency", who for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

7. Defendant, CSC CREDIT SERVICE, INC., is a Foreign For-Profit Corporation registered to do business in Texas.  Defendant is a "consumer reporting agency", who for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

9. Equifax and CSC are interchangeable (herein after Equifax/CSC).  When a consumer disputes an account with Equifax, Equifax has CSC conduct the investigation.  CSC sends the results to the consumer, which in turn Equifax reports the CSC results of the investigation.  CSC works by and through Equifax when conducting investigations and reporting of credit information.  Because they are completely interchangeable they are responsible and liable for each other's reporting of consumer's credit report.

10. When trying to refinance his home, Richardson learned that TXU, a utility company, has been reporting erroneous information to two credit reporting agencies.

11. Richardson specifically disputed the TXU error to Trans Union, Equifax, CSC, as well as TXU, that the information pertains to his father's address.

12. Richardson informed defendants that he lived at a completely different address and in no way was responsible for the TXU account.

13. Despite pointing out this glaring mistake, TXU continues to verify the debt by providing a "statement" of energy consumption charges and payments made during the period of 01/14/2008 through 03/03/2009 for service at his deceased parents' address.

14. Adding further insult to injury, Richardson's father passed away in 2002, and his mother passed away in 2007. TXU is showing consumption charges in 2008 and 2009 when no electricity was connected to the house nor was there any person living there since 2007.  TXU is also showing multiple payment credits in 2008 and 2009.

15. Despite informing TXU he has not lived at the address that has been billed and that no person by the last name of Richardson has lived at the address in question since 2007 or has any electricity been connected to the home since 2007. Richardson cannot get TXU or the credit bureaus to correct the mistake.

## CAUSES OF ACTION

16. Plaintiff incorporates the foregoing paragraphs and footnotes as though the same were set forth at length herein.

 17. This suit is based upon the Defendants' violation of the Federal Fair Credit Reporting Act and defamation.

18. Plaintiff suffered damages from Defendants' violation of the Federal Fair Credit Reporting Act.

### *Count I: Federal Fair Credit Reporting Act*

**i. Violation of 15 U.S.C. §1681s-2(b)**

19. By failing to conduct a good faith investigation into the Plaintiff's notice of dispute, TXU violated 15 U.S.C. §1681s-2(b). Based on TXU's nonsensical answer to the

plaintiff's dispute, TXU did not conduct a complete or good faith investigation into the disputed issue. With TXU's failure to correct an obvious error, TXU violated their statutory duty and responsibility to conduct a good faith investigation when the account was disputed by and through the bureaus. Therefore, with the failure to conduct a proper investigation and remove the reported information from the Credit Bureaus, TXU violated 15 U.S.C. §1681s-2(b)[1].

20. The conduct of TXU was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages, and harm to the Plaintiff that are outlined above and, as a result, TXU is liable to compensate the Plaintiff for the full amount of actual, statutory, punitive damages, and attorney fees and costs as well as such other relief, permitted by law.

---

[1] 15 U.S.C. §1681s-2(b) Duty of Furnishers of Information Upon Notice of Dispute
**(1) In general**
After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
**(A)** conduct an investigation with respect to the disputed information;
**(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;
**(C)** report the results of the investigation to the consumer reporting agency;
**(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
**(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
**(i)** modify that item of information;
**(ii)** delete that item of information; or
**(iii)** permanently block the reporting of that item of information.

**ii. Violation of 15 U.S.C. §1681i**

21. By failing to promptly delete information that could not be verified, Transunion and Equifax/CSC violated 15 U.S.C. §1681i(a)(1)(A)[2] & §1681i(a)(5)(A)(i).[3] Upon responding to Richardson's dispute, TXU responded only with an electric bill that stated the charges. TXU did not even try to respond to Richardson's complaint that the bill was a result of file mixing. With the information that TXU provided, Transunion and Equifax/CSC could not and did not conduct a reasonable investigation into Plaintiff's disputed issue. In addition to failing to investigate the disputed item, Transunion and Equifax/CSC failed to delete unverifiable and inaccurate information. Therefore, with the failure to properly investigate and delete unverified and inaccurate information, Transunion and Equifax violated 15 U.S.C. §1681i(a)(1)(A) & §1681i(a)(5)(A)(i).

---

[2] 15 USC § 1681i - PROCEDURE IN CASE OF DISPUTED ACCURACY
(a) Reinvestigations of disputed information
(1) Reinvestigation required
(A) In general
Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
[3] 15 USC § 1681I - PROCEDURE IN CASE OF DISPUTED ACCURACY
(5) Treatment of inaccurate or unverifiable information
(A) In general
If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—
(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

22. The conduct of Transunion and Equifax/CSC was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages, and harm to the Plaintiff that are outlined above and, as a result, Transunion and Equifax are liable to compensate the Plaintiff for the full amount of actual, statutory, punitive damages, and attorney fees and costs as well as such other relief, permitted by law.

### iii. Violation of 15 U.S.C. §1681e(b)

23. Transunion and Equifax/CSC are currently violating 15 U.S.C. §1681e(b)[4], by not following reasonable procedures to assure maximum possible accuracy. Plaintiff, by and though his attorney, sent Transunion and Equifax/CSC a dispute letter stating that the Plaintiff could not possibly owe the debt, since he did not live at the address during the time frame for the billing but was his fathers house. Despite never receiving any information verifying that the Plaintiff lived at the address during the time frame, Transunion and Equifax/CSC choose to ignore Plaintiff's dispute letter from Plaintiff's counsel and informed the plaintiff the debt was verified.
Therefore, if Transunion and Equifax/CSC had reasonable procedures to assure maximum possible accuracy, they would have promptly deleted the account upon receiving of TXU's response, which never addressed the issue of file mixing.

24. The conduct of Transunion and Equifax/CSC was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages, and

---

[4] 15 U.S.C. §1681e(b) reads:
(b) Accuracy of the Report
Whenever a consumer reporting agency prepares a consumer report it
shall follow reasonable procedures as assure maximum possible
Accuracy of the information concerning the individual about whom
The report relates

harm to the Plaintiff that are outlined above and, as a result, Transunion and Equifax/CSC are liable to compensate the Plaintiff for the full amount of actual, statutory, punitive damages, and attorney fees and costs as well as such other relief, permitted by law.

**iv. Violation of 15 U.S.C. §1681o & 15 U.S.C. §1681n**

25. Transunion, Equifax/CSC, and TXU violated 15 U.S.C. §1681o, by negligently violating 15 U.S.C. §1681. As stated by §1681o, "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable. . ."[5] Therefore, with Transunion, Equifax/CSC, and TXU's negligent violation of 15 U.S.C. §1681, Transunion, Equifax/CSC, and TXU violated 15 U.S.C. §1681o.

26. Transunion, Equifax/CSC, and TXU violated 15 U.S.C. §1681n, by willfully violating 15 U.S.C. §1681. As stated by §1681n, "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer. . ."[6] Therefore, with Transunion, Equifax/CSC, and TXU's willful violation of 15 U.S.C. §1681, Transunion, Equifax/CSC, and TXU violated 15 U.S.C. §1681n.

---

[5] 15 U.S.C. §1681o entitled "Civil Liability for Negligent Noncompliance" reads:
(a) In General
Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of –
(1) any actual damages sustained by the consumer as a result of the failure; and
(2) in the case of any successful action to enforce any liability this section, the costs of the action together with reasonable attorney's fees as determined by the court.

[6] 15 U.S.C. §1681n entitled "Civil Liability for Willful Noncompliance" reads:
(a) In general
Any person who willfully fails to comply with any requirement imposed under this subchapter with respects to any consumer is liable to that consumer in an amount equal to the sum of
(1) any actual damages sustained by the consumer as a result of the failure
or damages of not less than $100 and not more than $1000
(2) such amount of punitive damages as the court may allow; and
(3) in the case of any successful action to enforce any liability under this
section, the costs of the action together with reasonable attorneys fees
as determined by the court.

27. The conduct of Transunion, Equifax/CSC, and TXU was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined above and, as a result, Transunion, Equifax/CSC, and TXU are liable to compensate the Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, and reasonable attorneys fees, as well as such other relief, permitted by law

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, Transunion, Equifax/CSC, and TXU, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, & §1681o.

(e) Such other and further relief as may be necessary, just and proper.

Dated: August 8, 2012

    Respectfully submitted,

    /s/Dennis McCarty
    Dennis McCarty
    ATTORNEY FOR PLAINTIFF
    Mississippi Bar No. 102733
    P.O. Box 54172
    Hurst, TX., 76054
    Telephone: 817-704-3375

Fax (817) 887-5069
dmccartylaw@att.net